9959

CLYDE v. SOUTHERN PUBLIC UTILITIES CO. *ET AL.*
POWELL v. SOUTHERN PUBLIC UTILITIES CO. *ET AL.*

(96 S. C. 116.)

1. STREET RAILROADS—INJURIES IN COLLISION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—In an action for injuries in collision between a motor truck and a street car, where, while the undisputed evidence showed that the driver of the truck was guilty of negligence, the evidence was conflicting as to whether his negligence contributed as a proximate cause to the collision, the issue of his contributory negligence was properly submitted to the jury.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.—Before plaintiff's negligence will defeat his recovery, it must be made to appear that it contributed to the injuries as a proximate cause; that is, that it was contributory negligence.

3. TRIAL—VALIDITY. OF VERDICT—AGREEMENT BEFORE SEPARATION OF JURY.—Where the Court charged the jury about the hour of adjournment, and instructed them that, when they had agreed upon a verdict, it should be written on the complaint, signed by the foreman, and sealed in an envelope, and that they could disperse then until the convening of Court next morning, when the verdict would be received, and during the night the jury dispersed, and on the following morning stated in Court that they did not know how to write their verdict, and requested further instructions as to its form, which were given, and they retired and returned shortly afterwards with the verdict written on the complaint, and handed it to the clerk unsealed, such verdict was valid; it not appearing that the jury had not actually agreed upon it before they separated for the night.

4. TRIAL—VERDICT—OBJECTION—WAIVER.—To avail either party, the objection to the verdict that it was rendered on second retirement after a first dispersal of the jury must have been made at the first opportunity, or will be deemed to have been waived.

Before SMITH, J., Greenville, Spring term, 1917. Affirmed.

Actions by C. H. Clyde against Southern Public Utilities Company and others, and by Rosamond Keelons Powell against Southern Public Utilities Company and C. M. Childress. From judgment for plaintiffs, defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellants, cite: *As to refusal of motion for a directed verdict:* Rule 20, Traffic Ordinance of the city of Greenville; 91 S. C. 523; 90 S. C. 281; 100 S. C. 113; Crim. Code 1912, sec. 602. *As to the verdict being contrary to the law and the evidence:* 69 S. C. 115-16; 91 S. C. 78; 85 S. C. 467; 105 S. C. 481; Rule 20 of the Traffic Ordinance of the city of Greenville; Crim. Code 1912, sec. 602; 94 S. C. 143; 81 S. C. 196. *As to verdict being irregular and void:* 61 Ill. 188; 24 C. C. A. 569; 108 Mass. 488; 29 Ind. 51; 67 S. E. 212 (Ga. 1910).

*Messrs. McCullough, Martin & Blythe,* for respondents. (No copy of argument furnished.—REPORTER.)

April 18, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

These actions were tried together, because they grew out of the same accident, the collision of a trolley car with a motor truck. Clyde was the owner and Powell the driver of the truck. The defendant corporation owned the street car which was operated by Childress, as motorman. The collision occurred at the intersection of Falls street with McBee avenue, in the city of Greenville. The street car was running along McBee avenue, and the truck entered the avenue from Falls street, and was proceeding across the car track when it was struck by the car. The plaintiffs alleged negligence and recklessness in the rate of speed, in the failure to give signals and keep a lookout, and in not stopping the car after it became apparent that the truck and its driver were in peril. The defendants entered a general denial, and pleaded contributory negligence. At the conclusion of all the evidence defendants asked for a directed verdict: (1) As to punitive damages, on the ground that there was no evidence of recklessness; and (2) as to actual damages, on the ground (a) that there was no evidence of negligence, and (b) because plaintiff was guilty of contributory negligence. The motion was refused on all grounds. After very full and clear instructions upon every phase of the law involved, to which no exception has been taken, the jury found for plaintiffs only actual damages, $500 for Clyde, and $740 for Powell.

The first assignment of error is in the refusal of the motion for a directed verdict. We have carefully examined

the evidence and find no error.  There was evidence tending to prove each of the specifications of negligence and recklessness alleged.  While the undisputed evidence does show that Powell was guilty of negligence, the evidence was conflicting as to whether his negligence contributed, as a proximate cause, to the collision.  Therefore the issue of contributory negligence was properly submitted to the jury.

The next contention is that, as the jury found only actual damages, and thereby eliminated the charge of recklessness, the verdict should have been set aside, because the evidence is susceptible of no other inference than that Powell was guilty of contributory negligence, which should defeat recovery of damages for negligence only. Appellant's error lies in the assumption that, when it appeared that Powell was guilty of negligence, that was enough to defeat recovery on the charge of negligence. The law is that, before negligence on the part of the plaintiff will defeat such recovery, it must be made to appear that it contributed to the injury as a proximate cause; in other words, that it was contributory negligence.  As we have said, the evidence upon the issue of proximate cause was susceptible of more than one inference, and, therefore, that issue was properly left to the jury.

The last assignment of error is that the verdict was void, and, therefore, should not have been received, and that the Court erred in refusing defendant's motion to set it aside and grant a new trial.  The record shows that the Court charged the jury about the hour of adjournment for the day, and instructed them that, when they had agreed on a verdict, it should be written on the complaint, signed by the foreman, and sealed up in an envelope, and then they could disperse until the convening of Court on the next morning, when the verdict would be received. During the night, the jury dispersed.  On the following morning, they came into Court, and when assembled, stated

to the Judge that they did not understand how to write their verdict, and requested further instructions as to the form thereof. Such instructions were given, and they retired to their room and returned shortly afterwards with the verdict written on the complaint, and handed it to the clerk unsealed. There is nothing in this to invalidate the verdict. It does not appear that the jury had not actually agreed upon their verdict before they separated for the night. Nor has it been made to appear that appellants were prejudiced in any way by their failure to follow strictly the Judge's instructions. Besides defendants' objection came too late. To avail either party, such an objection must be made at the first opportunity, or it will be deemed to have been waived; otherwise, a party would be allowed to speculate on chances, and accept the verdict if it suits him, or have it set aside if it does not.

Judgments affirmed.